Elizabeth M. Rotenberg-Schwartz (ER 2607)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| GALEHEAD, INC.<br><br>                    Plaintiff,<br><br>v.<br><br>COMPANIA TRASATLANTICA ESPANOLA, S.A., NAVIERA DEL ODIEL, S.A.,<br><br>                    Defendants. | Civil Action No. 07 CIV 4025<br><br>JUDGE SAND<br><br>**VERIFIED COMPLAINT**<br>**IN ADMIRALTY** |

Plaintiff alleges:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction under 28 U.S.C. § 1333.

### PARTIES

2. Plaintiff is an Oregon corporation. Plaintiff is the assignee of Asamar Bunkers Consultadoria e Participacoes Unipessoal Lda. ("Asamar").

3. Upon information and belief, defendants, Compania Trasatlantica Espanola, S.A. ("CTA") and Naviera del Odiel, S.A. ("NDO"), are companies organized under the laws of a foreign nation.

## CLAIM FOR BREACH OF MARITIME CONTRACT

4. Asamar contracted (the "Contract") to deliver and did in fact deliver fuel to the M/V ALMA at the Port of Houston, Texas, on or about February 2, 2006.

5. CTA was the purchaser under the Contract. NDO has assumed CTA's obligations under the Contract.

6. CTA and NDO have failed to perform, are in material breach of their obligations under the Contract, and are jointly and severally liable to plaintiff for $127,336.00 plus interest, costs and attorneys' fees.

7. Plaintiff and Asamar have performed all obligations required of them under the Contract. The conditions, if any, of defendants' obligations have occurred.

8. Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Upon information and belief, defendants have, or will during the pendency of process in this action, have assets within this District and subject to this Court's jurisdiction in the hands of certain garnishees, including without limitation: ABN Amro Bank; American Express Bank; Bankers Trust; Bank of America, N.A.; Bank of China; The Bank of New York; Barclays Bank; BNP Paribas; Calyon; Citibank, N.A.; Credit Suisse First Boston; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JP Morgan Chase Bank, N.A.; LaSalle Bank, N.A.; Standard Chartered Bank; UBS AG; U.S. Bank, N.A.; Wachovia Bank, N.A.; and Wells Fargo Bank, N.A.

9. Plaintiff seeks an order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching defendants' property for the purpose of obtaining jurisdiction over defendants and to secure plaintiff's claim against them. As nearly as plaintiff can presently ascertain, the amount plaintiff seeks to attach is:

$127,336.00    Contract price of fuel

$22,228.00    Interest through May 8, 2007 at Contract rate of 1.25% per month

$57,312.00   Additional interest through May 8, 2010 at 1.25% per month

$50,000.00   Estimated Attorneys' fees

$256,876.00  TOTAL.

## RELIEF REQUESTED

Plaintiff prays that:

1. The Court enter judgment in plaintiff's favor for the Contract price plus interest, costs, and attorneys' fees;

2. The Court issue process of attachment and garnishment against defendants pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims;

3. The Court grant such other and further relief in plaintiff's favor as seems just and proper.

Dated: May 17, 2007

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
Elizabeth M. Rotenberg-Schwartz (ER 2607)
30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800 (Tel.)
(212) 332-3888 (Fax)

Attorneys for Plaintiff

## VERIFICATION

I, Grant J. Donovan, state I am president of plaintiff, Galehead, Inc.

I have read the allegations of the Verified Complaint in Admiralty. The information in that Complaint is true and correct to my own knowledge except as to those matters stated on information and belief. I believe those matters to be true. I base my knowledge of this matter on plaintiff's corporate records, including those provided to plaintiff by Asamar.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2007.

_____
Grant J. Donovan