Elizabeth M. Rotenberg-Schwartz (ER 2607)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/07
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GALEHEAD, INC.<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMPANIA TRASATLANTICA ESPANOLA, S.A., NAVIERA DEL ODIEL, S.A.,<br><br>　　　　　Defendants. | Civil Action No. 07 cv 4025<br><br>**DECLARATION OF ELIZABETH M. ROTENBERG-SCHWARTZ IN SUPPORT OF EX PARTE APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT** |

　　　　I, Elizabeth M. Rotenberg-Schwartz, declare as follows:

　　　　1.　　I am a an attorney associated with the law firm of Sheppard, Mullin, Richter & Hampton, LLP, counsel for plaintiff Galehead, Inc. ("Galehead") in this action. I have personal knowledge of the facts set forth in this declaration, except those asserted on information and belief.

　　　　2.　　I submit this Declaration pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and in support of Galehead's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure.

　　　　3.　　Upon information and belief, Defendants Compania Trasatlantica Espanola, S.A. ("CTA") and Naviera del Odiel, S.A. ("NDO") are companies organized under the laws of a foreign nation. Compl. ¶ 3.

4. I have determined that the defendants are not "found" within the Southern District of New York, in that they are not physically present and cannot be served with legal process in this District.

5. On May 17, 2007, I contacted the New York Department of State, Division of Corporations, via the official Department of State website at http://www.dos.state.ny.us, and conducted a search for the Defendants and the search results indicated that the Defendants are not New York corporations, nor are they licensed, authorized, or registered to do business in the State of New York as either a domestic or foreign corporation.

6. On May 17, 2007, I checked the LexisNexis U.S. Business Directory, which showed none of the Defendants to be incorporated in New York.

7. On May 17, 2007, I consulted with Directory Assistance for New York, for area codes (212), (347), (718), (917), (646), (914), and (845) and found no listing for Defendants.

8. On May 17, 2007, I accessed Google and Yahoo! search engines and conducted a search for the Defendants and the search results found no listings for any offices or agents of the Defendants within this district.

9. I have examined the website of CTA at http://www.trasatlantica.com. It does not indicate that CTA has any presence of any kind in this District.

10. I am unaware of any general or managing agent(s) within this District for Defendants.

11. Based on the foregoing, I submit that the Defendants cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and, on Plaintiff's behalf, seek an order of attachment against such tangible and intangible property of the Defendants as may be found within this District in the amount of $256,876.00, as specified in the Verified Complaint.

12. Galehead also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an order appointing myself, or any other partner, associate, paralegal or other agent of Sheppard, Mullin, Richter & Hampton, LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and the Verified Complaint upon the named garnishee(s) as well as any other garnishee(s) who (based upon subsequent or additional information) may hold assets of, for, or on behalf of Defendants.

13. To the extent this application for an order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by a United States Marshal as it simply involves delivery of the process to the garnishee(s).

14. Galehead seeks to serve the Process of Attachment and Garnishment on the garnishee(s) immediately for the purpose of obtaining jurisdiction over Defendants and to secure Galehead's claim against them.

15. Galehead also requests the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendants within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of process without the need to return to the Court for permission to amend the Order simply to name other garnishees.

16. To avoid the need to serve the garnishees repetitively, Galehead requests that any process served on a garnishee be deemed effective and continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day.

17.   Galehead requests that, following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental or subsequent service of the Process of Maritime Attachment and Garnishment, as well as the accompanying Order, may be made by way of facsimile transmission or email to each garnishee and each garnishee personally served shall furnish Galehead's counsel, the United States Marshal, or designated process server a facsimile number or email address to which supplemental or subsequent services may be made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 17, 2007 in New York, New York.

*Elizabeth M. Rotenberg-Schwartz*

Elizabeth M. Rotenberg-Schwartz